UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRANT & EISENHOFER P.A. ) | |
| ) | |
| Plaintiff, ) | Civil No. 1:17-cv-01722 |
| ) | |
| v. ) | |
| ) | |
| REUBEN A. GUTTMAN and ) | Judge Timothy J. Kelly |
| GUTTMAN, BUSCHNER & BROOKS, ) | |
| PLLC, ) | |
| | |
| Defendants. | |

**MOTION TO STAY OR TRANSFER
AND MEMORANDUM IN SUPPORT**

Defendants Reuben A. Guttman and Guttman, Buschner & Brooks PLLC (GBB) hereby move for an order staying this case pending resolution of two related and earlier-filed actions currently pending in the United States District Court for the Central District of California. In the alternative, pursuant to 28 U.S.C. § 1404(a), Defendants seek an order transferring this case to the Central District for all further proceedings. Pursuant to Local Civil Rule 7(m), counsel for Defendants has conferred with Plaintiff's counsel, and Plaintiff opposes this Motion.

This case involves an attorneys' fee dispute arising out of a False Claims Act (FCA) case in the Central District of California. *United States ex rel. Beverly Brown v. Celgene Corp.*, No. 10-Civ.-3165 (C.D. Cal.) ("*Celgene* Action"). The gravamen of Plaintiff Grant & Eisenhofer ("G&E")'s Complaint is that it has been damaged by the loss of Beverly Brown as a client and, pursuant to the terms of its retainer agreement with Ms. Brown, is entitled to 1) the attorney fees and costs it advanced Ms. Brown, and 2) a share of the relator "bounty" she recovers in the *Celgene* Action. *See, e.g.*, Compl. ¶¶ 1, 45, 50, 56, 62. This Court should not accept G&E's invitation to decide these issues, however, because G&E has already sought the same relief in

two previously filed actions in the Central District of California, and the question of whether G&E's retainer agreement with Ms. Brown is valid and enforceable, as well as G&E's claimed entitlement any share of the *Celgene* bounty, currently are pending in both California-based litigations.

First, in June 2015, after Ms. Brown terminated G&E as sole counsel and G&E refused to affiliate with Guttman as co-counsel, G&E filed a purported attorneys' charging lien against Ms. Brown's recovery in the *Celgene* Action. Plaintiff-Relator's Former Counsel's Notice Of Attorney's Charging Lien, *Celgene Corp.*, No. 10 Civ. 3165 (C.D. Cal. June 3, 2015), Dkt. 190. After the parties to the *Celgene* Action reached a settlement agreement in July 2017, the presiding Judge, the Honorable R. Gary Klausner, entered an Order dismissing the Action, but retaining jurisdiction "to adjudicate, if necessary, Relator Brown's claim to a share of the proceeds of the Civil Action pursuant to 31 U.S.C. § 3730(d)." *Celgene Corp.*, No. 10 Civ. 3165, slip op. at 2 (C.D. Cal. Jul. 28, 2017), Dkt. 495. G&E then sought to enforce its purported lien by sending a letter to government representatives stating it could be entitled to approximately $7.7 million in attorneys' fees and 40% of Ms. Brown's bounty.[1] The United States Department of Justice (DOJ) responded by way of letter to Ms. Brown's current counsel stating that it did not want to distribute any of Ms. Brown's statutory share absent approval by G&E.

Due to DOJ's refusal to distribute any part of Ms. Brown's relator share, Ms. Brown filed a motion with Judge Klausner on October 9, 2017 that, among other things, challenges the validity of the lien because her retainer agreement with G&E was voided under California law,

---

[1] G&E has not asserted it is entitled to the full amount of its contingency in its original – and voided – fee agreement executed by Ms. Brown in its Complaint filed with this Court.

and requests an order that relator's share be paid immediately.[2] *Celgene Corp.*, No. 10 Civ. 3165 (C.D. Cal. Oct. 9, 2017), Dkt. 504. That Motion is currently pending, and seeks a determination from Judge Klausner on the enforceability of G&E's voided retainer agreement with Ms. Brown and the validity of G&E's lien on her recovery in the *Celgene* Action. The Motion further explains that G&E's recovery is limited to *quantum meruit*, *i.e.*, the reasonable value of the services provided (determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate), rather than any percentage of Ms. Brown's recovery.

In addition to the ongoing proceedings in the *Celgene* Action that relate to the present fee dispute, on August 10, 2017, G&E also initiated suit in the Central District of California against Ms. Brown and two law firms, Bienert, Miller & Katzman ("Bienert Firm") and Richard Harpootlian, P.A. ("Harpootlian firm"), that also represented her in the *Celgene* Action. Compl. ¶¶ 1, 8. In that suit, filed fourteen days before the instant action, G&E brought tort claims mirroring those made herein, and makes allegations virtually identical to the ones *sub judice*, including that G&E is "entitled" to its fees and costs and "a pro rata share of the settlement amount recovered by Ms. Brown in the *Celgene* Matter." *Grant & Eisenhofer, P.A. v. Brown*, No. 17 Civ. 05968 (C.D. Cal.), Dkt. 1.

Now G&E has initiated suit against Defendants in this forum, seeking recovery of the same attorneys' fees sought in the two California actions. Thus, two of the three cases related to the present attorney fee dispute are docketed in the Central District of California. All three involve substantial overlap of legal and factual issues, and allowing them to proceed on parallel tracks in different jurisdictions creates the very real potential for inconsistent or contrary applications of law. Accordingly, because this case arises out of a fee dispute stemming from

---

[2] A courtesy copy of that Motion was served on G&E as an interested third-party.

litigation in the Central District, and G&E already has initiated suit in that forum for recovery of the same fees it claims herein, the interests of judicial economy dictate that this Court stay the present litigation pending resolution of the two related actions in California, or, alternatively, transfer this case to the Central District of California for all further proceedings.

**ARGUMENT**

I.  **This Litigation Should be Stayed Pending Resolution of the Fee Dispute by the U.S. District Court for the Central District of California.**

This "court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Naegele v. Albers*, 355 F. Supp. 2d 129, 140 (D.D.C. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (court has inherent power to control the disposition of its docket for economy of time and effort). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Naegele*, 355 F. Supp. 2d at 140 (modification in original) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). "[T]he decision whether to stay discovery is committed to the sound discretion of the district court judge." *White v. Fraternal Order of Police,* 909 F.2d 512, 517 (D.C. Cir. 1990).

This Court should exercise its discretion to stay all further proceedings in the present litigation pending final resolution of the *Celgene* Action and G&E's lawsuit against Ms. Brown and the Bienert and Harpootlian firms because the issues in the two California actions substantially overlap with those at issue in this case, and resolution of those adjudications will resolve, or at the very least, narrow and simplify the matters to be

4

determined here. Currently pending before Judge Klausner in the *Celgene* case is Ms. Brown's motion seeking a determination on the validity of G&E's purported lien on her recovery in the *Celgene* Action. These issues turn on the enforceability of G&E's retainer agreement with Ms. Brown, and whether it is now void under California law. *See Shapiro, Lifshitz & Schram, P.C. v. R.E. Hazard*, 24 F. Supp. 2d 66, 80-82 & n.18 (D.D.C. 1998) (California law applies to question of enforceability of retainer agreement between D.C. law firm and California client). Similarly, G&E's lawsuit against Ms. Brown and the Bienert and Harpootlian firms also raises tort claims premised on Ms. Brown and/or her counsel depriving G&E of its claimed fees and costs, and seeking the identical damages claimed herein (approximately $7 million in fees, plus pro rata portion of Ms. Brown's recovery in the *Celgene* Action). In short, it is clear that many if not most of the decisions which this Court will be called upon to make will also be determined by the Central District of California.

In addition, this Court also lacks authority to award G&E any portion of Ms. Brown's bounty because Judge Klausner has exclusive jurisdiction and authority over the *Celgene* settlement proceeds. *See Celgene Corp.*, No. 10 Civ. 3165, slip op. at 2 (specifically retaining jurisdiction "to adjudicate, if necessary, Relator Brown's claim to a share of the proceeds"). Therefore, the resolution of these issues by the Central District of California bears directly on both Defendants' alleged tort liability and the availability of damages in this action. By staying the case pending resolution of the California matters, it will narrow, and may even resolve entirely, the issues to be decided here.

"Litigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests regarding time, cost, and effort." *Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1, 3 (D.D.C. 2002) (granting

motion to stay proceedings where "essentially the same issues in contention" were simultaneously being litigated in another court); *see also Landis*, 299 U.S. at 254–56 (stay may be warranted where the parties to the two proceedings are not the same and the issues are not identical, but a decision in one will settle or simply many questions of fact and law); *Naegele*, 355 F. Supp. 2d at 141 (staying tortious interference and breach of contract claims because they were "dependent on the outcome" of a fee dispute subject to arbitration in California and the court could not "sever them into separate proceedings without frustrating" the policy reasons behind a California statute governing fee disputes). Because "the fee in controversy is a central issue to this case," and "the events that gave rise to this fee dispute and the instant litigation also arose in California," this Court should stay these tort claims pending resolution of the fee dispute in California. *Naegele*, 355 F. Supp. 2d at 141.

Due to the substantial overlap in legal and factual issues between this case and the related proceedings in California, and the likelihood that resolution of those adjudications will resolve, or at least narrow and simplify, the matters to be resolved here, judicial economy dictates that this Court stay the present litigation pending Judge Klausner's ruling on Ms. Brown Motion in the *Celgene* Action and resolution of G&E's suit against Ms. Brown and Defendants' co-counsel in California. Accordingly, Defendants' request for a stay should be granted.

**II.     In the Alternative, this Case Should be Transferred to the U.S. District Court for the Central District of California.**

If this Court does not stay the case, then it should transfer it to the Central District of California for all further proceedings because: (a) the Central District could exercise jurisdiction over all of the parties to the fee dispute; (b) it is more familiar with the law governing the enforceability of G&E's retainer agreement with Ms. Brown and the recovery of any fees, as well as the pendency of the related actions in that forum; and (c)

allowing these claims to proceed concurrently with the previously filed California actions would give rise to the very real possibility for inconsistent or contrary applications of law.

Section 1404(a) grants this Court discretion to transfer in the interest of justice or for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). The question of whether to transfer is an individualized inquiry, which should focus on issues of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Smiths Indus. Med. Sys., Inc. v. Ballard Med. Prods., Inc.*, 728 F. Supp. 6, 7 (D.D.C. 1989). In deciding a motion to transfer venue under Section 1404(a), a court must first determine whether the transferee district is one where the action "might have been brought," 28 U.S.C. § 1404(a), and then must balance the private and public interests involved in the proposed transfer to determine "whether the defendant has demonstrated that considerations of convenience and the interest of justice support a transfer." *Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 178 (D.D.C. 2007).[3]

As to the first question, there can be no dispute that this case could have been brought in the Central District of California because the court would have had jurisdiction over all of the parties and the subject matter. *See, e.g., Davis v. Am. Soc'y of Civil Eng'rs,* 290 F.Supp.2d 116, 120 (D.D.C. 2003) (interpreting phrase "could have been brought" to mean that the transferee court must have both personal jurisdiction and venue); *see also* 14 Charles Alan Wright et al., Federal Practice & Procedure § 3827 (4th ed. 2017); 17 James Wm.

---

[3] D.C. courts look to six private interest factors and three public interest factors in evaluating motions to transfer. The private interest factors are 1) the plaintiff's choice of forum, 2) the defendant's choice of forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses, and 6) the ease of access to sources of proof. The public interest factors are 1) the transferee forum's familiarity with the governing laws and the pendency of related actions in that forum, 2) the relative congestion of the calendars of the potential transferee and transferor courts, and 3) the local interest in deciding local controversies at home. *Villa v. Salazar*, 933 F. Supp. 2d 50, 54 (D.D.C. 2013).

Moore et al., *Moore's Federal Practice*, § 111.33[1] (3d ed. 2010). Defendants conduct business in California, including litigating the *Celgene* action there; and indeed, Plaintiff itself chose that forum to file the related fee dispute against Ms. Brown and Defendant's co-counsel. Further, venue is proper there, as this entire fee dispute arises out of an action docketed in the Central District of California.

With respect to the private and public interests, of "paramount consideration" is the "compelling public interest in avoiding duplicative proceedings . . . and potentially inconsistent judgments.'" *Fed. Hous. Fin. Agency v. First Tenn. Bank Nat. Ass'n*, 856 F. Supp. 2d 186, 193 (D.D.C. 2012) (alteration in original) (quoting *Reiffin v. Microsoft Corp.,* 104 F. Supp. 2d 48, 58 (D.D.C. 2000)); *see also Defs. of Wildlife v. Jewe*l, 74 F. Supp. 3d 77, 86 (D.D.C. 2014); *Cal. Farm Bureau Fed'n v. Badgley*, 2005 WL 1532718, at *2 (D.D.C. June 29, 2005) ("[A] significant risk that this court and the California court would issue inconsistent orders. . . weigh[s] heavily in favor of transfer."). Here, if a transfer (or stay) is not granted, there is a significant risk of potentially inconsistent judgments if all cases proceed simultaneously.

It is clear that the Central District of California will determine the issue of whether G&E is entitled to any share of Ms. Brown's relator bounty, either when 1) Judge Klausner rules on Ms. Brown's pending motion challenging the validity of G&E's 2015 charging lien, and requesting the court order immediate payment of her relator bounty; or 2) in G&E's lawsuit against Ms. Brown and the Bienert and Harpootlian firms, which alleges similar tort liability and seeks the same damages claimed herein. Indeed, as part of ruling on Ms. Brown's pending motion, Judge Klausner may exercise the court's ancillary jurisdiction to adjudicate the present fee dispute as it arises from the *Celgene* Action and G&E claims entitlement to a portion of Ms. Brown's relator bounty. This creates the potential for inconsistent or contradictory rulings.

Other factors also weigh in favor of transfer. The underlying *Celgene* Action was litigated in the Central District of California and therefore that court has the most familiarity with the relevant issues and is best equipped to assess, for example, the value of G&E's representation to Ms. Brown in that case. *See, e.g., Villa*, 933 F. Supp. 2d at 56 (where case "involves a lengthy factual history . . . that the transferee district has begun dissecting, the interest of justice favors transfer."). The Central District is also more familiar with California state law. *See Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 77 (D.D.C. 2004) (granting motion to transfer, in part, because "the District of Maryland is undoubtably more familiar and experienced with the laws" governing an entity within that state). Additionally, both cases pending in the Central District pre-date the initiation of this lawsuit, which further suggests that transfer is appropriate. *See, e.g., Defs. of Wildlife,* 74 F. Supp. 3d at 86 ("The pendency of previously filed related actions weighs heavily in the Court's analysis and strongly favors transfer."); *Holland*, 360 F. Supp. 2d at 77 ("The fact that there is an ongoing case dealing with similar issues in another jurisdiction weighs very heavily in favor of a transfer under § 1404(a)."); *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001) ("When lawsuits involving the same controversy are filed in more than one jurisdiction, the general rule is that the court that first acquired jurisdiction has priority.").

Even if G&E's lawsuit against Ms. Brown and Defendants' co-counsel involves "challenges not at issue in this case . . . or do not concern legal challenges made in this case . . . 'the interest of justice factor encompasses the desire to avoid multiple litigation from a single transaction [and] *to try related litigation together . . .* '" *Defs. of Wildlife*, 74 F. Supp. 3d at 87 (alteration and emphasis in original) (quoting *Reiffin,* 104 F. Supp. 2d at 55). Regardless of whether transfer would result in consolidation, "at a minimum such a

transfer could facilitate the coordination of pretrial discovery." *Fed. Hous. Fin. Agency*, 856 F. Supp. 2d at 195 (citing *Comptroller of Currency v. Calhoun First Nat'l Bank*, 626 F.Supp. 137, 141 (D.D.C. 1985); *accord Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 619 (2d Cir. 1968) ("There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently")). "Judicial economy and convenience strongly favor transfer of this case to the district in which the California cases are pending." *Villa*, 933 F. Supp. 2d at 56; *see also Tice v. Pro Football, Inc.*, 812 F. Supp. 255, 257 (D.D.C. 1993) ("It is pointless to keep separate two highly related cases at this time.").

Finally, it appears that the primary, if not sole, reason Plaintiff initiated this lawsuit in this Court was "because the parties consented in writing to resolve disputes between them in this judicial district." Compl. ¶ 7; *see also id.* ¶ 8 ("A prior agreement requires that any lawsuit between G&E and the Defendants herein be filed in this judicial district."). G&E has named Guttman and GBB an "interested parties" in its Complaint in California, and suggested it would have included Defendants in the lawsuit if it felt it could have. *See Grant & Eisenhofer,* No. 17 Civ. 05968 (C.D. Cal.), Dkt. 1 at 1 n.1 (alleging the California defendants "conspired to terminate G&E" "[t]ogether with a G&E Director, Reuben Guttman, who, because of a contractual provision, must be sued separately in Washington, D.C."); Dkt. No. 6 (Certification and Notice of Interested Parties). Defendants dispute that the forum selection clause mandates that any litigation against them proceed in this forum.

Even assuming, *arguendo*, that the alleged forum selection clause governs the dispute *sub judice*, however, venue selection clauses are not dispositive on the question of transfer under § 1404(a). *See, e.g., Stewart Org.*, 487 U.S. at 31 (Section 1404(a) controls

10

whether to transfer a case when a forum selection clause is involved, and a valid forum-selection clause is but one factor for consideration in the analysis and is not dispositive); *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 578 (2013) (venue in "a district cannot be 'wrong' if it is one in which the case could have been brought under § 1391," irrespective of any forum-selection clause that may apply).  Given the pendency of the two other California-based litigations, and the substantial overlap between those cases and this one, the above-described factors favoring transfer would prevail over any forum selection agreement between the parties.

Accordingly, if this Court does not dismiss or stay the litigation, then it should transfer the case to the Central District for all further proceedings.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that, if this Court does not grant Defendants' Motion to Dismiss in its entirety, it should stay this litigation pending resolution of the related fee disputes pending in California; or, in the alternative, transfer this case to the Central District of California for all further proceedings.

Respectfully submitted,

/s/ Susan E. Huhta
Susan E. Huhta (#453478)
Cassandra W. Lenning (#1013581)
Outten & Golden LLP
601 Massachusetts Ave. NW
Second Floor West Suite
Washington, D.C.  20001
(202) 847-4414
SHuhta@outtengolden.com
CLenning@outtengolden.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Stay or Transfer, and Memorandum in Support, was served respectively via ECF and via U.S. mail and e-mail on October 10, 2017 on Plaintiff's counsel whose last known addresses are:

John B. Harris
Nicole Bergstrom
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Ave.
New York, NY 10022
jharris@fkks.com
nbergstrom@fkks.com


Paul L. Knight (#911594)
Nossaman LLP
1666 K Street, N.W., Suite 500
Washington, DC 20006
pknight@nossaman.com

*Attorneys for Plaintiff*

/s/ Susan E. Huhta
Susan E. Huhta